# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA DUCES TECUM TO VERIZON WIRELESS | Case No.: _____ |

### MOTION TO QUASH SUBPOENA, OR IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER FOR PHONE AND TEXT RECORDS

Christopher R. Murtha, by his undersigned counsel, moves pursuant to Fed. R. Civ. P. 45(d)(3) to quash a subpoena dated May 13, 2019, seeking *all* of phone records and text messages (the "Subpoena") for a three-and-a-half year period of time.  Murtha also moves in the alternative pursuant to Fed. R. Civ. P. 26(c) for a protective order protecting those records and texts.[1]  In support hereof, Murtha states as follows:

### Background

1.\tVerizon Wireless ("Verizon") was served with the Subpoena in connection with a civil action currently pending in the United States District Court for the District of Maryland, captioned: *Hispanic National Law Enforcement Association NCR, et al., v. Prince George's County Maryland, et al.*, (Civil Action No. 18-cv-03821 TDC) (the "Underlying Action").  Even though the Underlying Action is pending in the District of Maryland, the Subpoena requires that compliance take place in the District Court for the District of Columbia.  (**Ex. 1**)  Fed. R. Civ. P. 45(d)(3).

2.\tPlaintiffs in the Underlying Action (fifteen current and former Prince George's County police officers, and two organizations purporting to represent Prince George's County police

---

[1] A copy of the Subpoena is attached as **Exhibit 1** hereto and redacted for privacy concerns.

officers) served the Subpoena.  Defendants in the Underlying Action are Prince George's County (the "County") and several individual officers, including Deputy Murtha.  Verizon is not a party to the Underlying Action and neither are several other individuals who have had their phone records requested by the Subpoena.

3.  The Underlying Action purports to be an alleged employment discrimination matter in which Plaintiffs (Respondents in this proceeding) have asserted claims for racial discrimination and retaliation under the First and Fourteenth Amendments to the U.S. Constitution and Title VII of the Civil Rights Act of 1964. [2]   The Underlying Action is not a class action.

4.  The Subpoena served on Verizon seeks the phone and text records associated with eleven (11) telephone numbers, including Murtha's.[3]  For all of the phone numbers, the Subpoena seeks all "records relating to the phone numbers," including the "*time, date, duration, and destination/origin phone number for all incoming/outgoing calls*, and the time, date destination/origin phone number, and *content for all text messages*," from January 1, 2016, to the present.  (**Ex. 1**; emphasis added.)

5.  Murtha's number is XXX-XXX-5774 on Exhibit 1 to the Subpoena.  Although the 5774 number was issued to Murtha on an official departmental-issued phone, he uses it for personal purposes *on a daily basis* to text with his wife, four children, and other family members.  See

---

[2]    Certain individual Plaintiffs have also alleged disability discrimination in violation of the Rehabilitation Act, 29 U.S.C. § 701 et seq and the Americans With Disabilities Act, 42 U.S.C § 12111 (the "ADA").

[3]    These two non-party individuals, William Alexander and Mistinette Mints, have already filed Motions to Quash in this court.  [See ECF 1 in Case No.1:19-mc-00098 and ECF 1 in Case No. 1:19-mc-00099.]  The Clerk of the District Court for D.C. directed the parties in the Underlying Action to file their Motions to Quash separately.  Accordingly the motions of Kathleen Mills, Henry Stawinski, and the County have been filed herewith, but as separate actions.  We think it prudent to consolidate these motions.

**Exhibit 2**, Affidavit of H. Murtha. For example, Murtha has been texting frequently with his sister, who is grieving the death of one of her children. Id. at ¶ 4. He also regularly receives picture texts of his adult and minor children as well as minor nieces and nephews on the 5774 number. Id. at 8. Moreover, on a monthly basis Murtha texts with his priest. Id. at ¶ 5.

6. The Subpoena requesting *all* phone records and text messages for three-and-a-half years for Murtha should be quashed because it is overbroad. The Subpoena is overbroad because it will improperly capture irrelevant and private personal communications that have nothing to do with the Underlying Action. Moreover, it will improperly capture irrelevant police business and communications not tied to the alleged claims or defenses in the Underlying Action.

## Applicable Law[4]

7. Courts should quash or modify a subpoena that "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden." Fed. R. Civ. Pro. 45(c)(3)(A). Because the scope of discovery under a subpoena is the same as the scope of discovery under Fed. R. Civ. Pro. 26, a subpoena may also be quashed for failing to comply with Rule 26. See Coleman v. District of Columbia, 275 F.R.D. 33, 36–37 (D. D.C. 2011) ("[I]t is settled that a subpoena is limited in scope by Rule 26(b)(1) of the Federal Rules of Civil Procedure"); Cook v. Howard, No. 11–1601, 2012 WL 3634451, at *6 (4th Cir. Aug. 24, 2012) (per curiam) ("Although Rule 45(c) sets forth additional grounds on which a subpoena against a third party may be quashed[,] ... those factors are co-extensive with the general rules governing all discovery that are set forth in Rule 26.").[5]

---

[4] Unless stated otherwise, internal citations and quotations are omitted.

[5] Murtha has standing to challenge the Subpoenas because he has a personal interest in the phone records and the text messages are his communications. *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C.), on reconsideration, 232 F.R.D. 6 (D.D.C. 2005) ("A party

8. Additionally, a party may move for a protective order under Fed. R. Civ. Pro. 26(c), which is a balancing test permitting the Court "to make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense upon a showing of good cause." W. Bay One, Inc. v. Does 1-1,653, 270 F.R.D. 13, 14 (D.D.C. 2010). In short, the Court balances the party's need for the discovery against the potential hardship of compliance. Id. In determining whether there is an "undue burden," a court examines "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Id.[6]

**Argument**

**I. The Subpoena is Grossly Overbroad.**

9. The Subpoena should be quashed because it is overbroad and not reasonably calculated or limited to lead to the discovery of admissible evidence, and it is not proportional to the needs of the case. The current Subpoena captures Murtha's irrelevant and private personal communications with his friends and family, as well as official information of the Prince George's County Police Department ("PGPD") irrelevant to the fifteen individual Plaintiffs' alleged claims in the Underlying Action.

10. "A subpoena imposes an undue burden on a party when a subpoena is overbroad." In re Subpoena Duces Tecum to AOL, LLC, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008). A subpoena is

---

generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter").

[6] Murtha has standing to challenge the Subpoenas under Fed. R. Civ. Pro. 26(c). See Singletary v. Sterling Transport Co., Inc., 289 F.R.D. 237, 240 n.2 (E.D. Va. 2012) (collecting cases stating that parties can challenge subpoenas under Rule 26 regardless of whether they have standing to bring a motion to quash under Rule 45.")

overbroad if it is not reasonably limited or tailored to the pleaded claims or defenses. Sirpal v. Fengrong Wang, No. CIV. WDQ-12-0365, 2012 WL 2880565, at *5 (D. Md. July 12, 2012). "For example, a request for 'all copies of e-mails sent or received by anyone with no limitation as to time or scope' is usually overbroad." Id.

11. Here, Respondents' sweeping request for the records of *all* incoming and outgoing telephone calls to *all* people, and the contents of *all* of text messages to *all* people, since January 1, 2016, is grossly overbroad, because among other things, "it does not limit the [requested phone or text records] to those containing subject matter relevant to the underlying action." In re Subpoena Duces Tecum to AOL, 550 F. Supp. 2d at 612 (quashing subpoena for being overbroad). There is no subject-matter limitations *at all* contained in the Subpoena, which mean it encompasses all of Murtha's personal communications for over three years with his friends and family, including picture texts of his minor children and minor nieces and nephews. **Ex. 2**, at ¶ 8. Additionally, the records will contain information about two of Murtha's minor children, who have medical diagnosis and individualized education plans, which require frequent contact with doctors and educators. See id. at 6. And if this were not enough, Murtha himself has recently been diagnoses with a medical condition that he has yet to disclose to PGPD—a diagnosis which would be discernable based on his phone records to his doctors. Id. at ¶ 5. These personal communications are not relevant and production would unnecessarily result in an invasion of Murtha's privacy.[7]

12. Furthermore, without subject-matter limitations, the Subpoena also improperly encompasses official police business and confidential police communications irrelevant to the claims

---

[7] To the extent Plaintiffs attempt to claim that Murtha holds no personal privacy rights in his PGPD-issued phone—that is incorrect. Even if Murtha does not have a right to privacy over his call records and text messages *as to the County*, he still has privacy rights vis-à-vis the rest of the world, including Plaintiffs in the Underlying Action.

alleged by the fifteen Plaintiffs in their First Amended Complaint.  Murtha is the Deputy of the Bureau of Patrol and in that capacity oversees over 1,000 patrol officers and civilians.  **Id.** at ¶¶1, 9.  Murtha's phone records and text messages will contain irrelevant material relating to vehicle accidents, hostage situations, and the status of various warrants.  **See id.** at ¶ 9.  Murtha's phone records and text messages will also contain confidential communications related to numerous open and ongoing criminal investigations, as well communications with undercover police officers.  None of this is relevant to the Underlying Action and certainly should not be produced in the case (which does not yet have a confidentiality order in place).  See Arndt v. Ford Motor Co., No. 2:15-CV-11108, 2016 WL 1161444, at *4 (E.D. Mich. Mar. 24, 2016) (quashing phone records request to Verizon Wireless for "all" phone numbers and text messages as overbroad and "not proportional to the needs of the case"; future subpoena could only seek text messages exchanged between Plaintiff and his supervisor for a limited time period).

13. The proper scope of discovery here is limited to the specific allegations relating to Plaintiffs' claims of racial discrimination, retaliation, and a hostile work environment, and Defendants' pleaded defenses.  See Fed. R. Civ. Pro. 26(b)(1) ("relevant to any party's claim or defense").  The 2000 Amendments Advisory Committee Notes state that "[t]he rule change signals to the court that it has the *authority to confine discovery to the claims and defenses asserted in the pleadings*, and signals to the parties that they have *no entitlement to discovery to develop new claims* or defenses that are not already identified in the pleadings."  (Emphasis added).

14. The proper scope of discovery also must be "proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit." Fed. R. Civ. Pro. 26(b)(1). The Subpoena is not proportional because Plaintiffs should at least wait to determine what information they receive from Defendants pursuant to the requests for production of documents served on Defendants, so that Plaintiffs can evaluate whether these third-party subpoenas are truly necessary. Accusoft Corp. v. Quest Diagnostics, Inc., No. CIV.A. 12-40007-FDS, 2012 WL 1358662, at *1 (D. Mass. Apr. 18, 2012) (granting Defendant's motion for a protective order relating to 19 substantially identical third-party subpoenas in part because Defendants would be producing documents after which time "the parties would be better positioned to determine the need to seek additional discovery from third-parties"; current subpoenas were "unduly burdensome, potentially irrelevant and inefficient"). Third-party subpoenas are more procedurally appropriate toward the middle-to-end of discovery, not the beginning where the parties are still fighting about the proper scope.[8] Fact discovery is not scheduled to close in the Underlying Action until October 2019.

15. Accordingly, the overbroad Subpoena should be quashed because it seeks irrelevant information at this stage in discovery where the harms of producing Murtha's phone records and text messages outweighs the likely small benefit. See Fed. R. Civ. Pro. 26(b)(1).

**II.    The Court Should Enter a Protective Order.**

16. Alternatively, for all of the reasons stated above, this Court should enter a protective order for Murtha's phone records and text messages, prohibiting Respondents from seeking them in the future.

---

[8]    In fact, Plaintiffs have an affirmative duty to reduce burdens, costs, and expenses for third-parties. Fed. R. Civ. Pro. 45(d)(1) ("must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena"). The enormous breadth and cumulative nature of Plaintiffs requests indicate their lack of compliance with Fed. R. Civ. Pro. 45(d) (1).

## **Conclusion**

WHEREFORE, for all of the foregoing reasons, Murtha respectfully requests that the Court quash the Subpoena, or in the alternative, enter a protective order preventing disclosure of his phone and text records.

Dated: June 10, 2019                                         Respectfully submitted,


                                                                          /s/ Vincent Verrocchio
                                                                         Vincent Verrocchio


                                                                         Vincent Verrocchio, Bar No. 460429
                                                                         Karel Mazanec, Bar No. 1029860
                                                                         Venable LLP
                                                                         600 Massachusetts Ave., N.W.
                                                                         Washington, D.C. 20001
                                                                         Tel.: (202) 344-4000
                                                                         Fax: (202) 344-8300
                                                                         VEVerrocchio@Venable.com
                                                                         KMazanec@Venable.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of June 2019, a copy of the foregoing Motion to Quash Subpoena, or in the Alternative, Motion for Protective Order for Phone and Text Records was served via first class mail on:

Dennis A Corkery
Washington Lawyers Cmte for Civil Rights and Urban Affairs
11 Dupont Cir NW Ste. 400
Washington, DC 20036
Tel: (202) 319-1000
Fax: (202) 319-1010
dennis_corkery@washlaw.org

Deborah A Jeon
American Civil Liberties Union of Maryland Foundation
3600 Clipper Mill Rd Ste. 350
Baltimore, MD 21211
Tel: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org

John Arak Freedman
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue NW
Washington, DC 20001
Tel: (202) 942-5316
Fax: (202) 942-5999
John.Freedman@arnoldporter.com

                                           */s/ Vincent Verrocchio*
                                           Vincent Verrocchio

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE SUBPOENA DUCES TECUM<br>TO VERIZON WIRELESS | Case No.: _____ |

### [PROPOSED] ORDER GRANTING MOTION TO QUASH

Upon consideration of Christopher R. Murtha's Motion to Quash Subpoena, or in the Alternative, Motion for Protective Order for Phone and Text Records, the exhibits filed in support thereof, and any opposition thereto, it is hereby

**ORDERED** that Christopher R. Murtha's Motion is hereby **GRANTED**; and it is

**FURTHER ORDERED** that the subpoena to non-party Verizon Wireless is quashed.

**SO ORDERED.**

Date: _____, 2019            _____
                                                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE SUBPOENA DUCES TECUM TO VERIZON WIRELESS | Case No.: _____ |

### [PROPOSED] ORDER GRANTING MOTION FOR PROTECTIVE ORDER

Upon consideration of Christopher R. Murtha's Motion to Quash Subpoena, or *in the Alternative*, Motion for Protective Order for Phone and Text Records, the exhibits filed in support thereof, and any opposition thereto, it is hereby

**ORDERED** that Christopher R. Murtha's Motion for Protective Order be and is hereby **GRANTED**; and it is

**FURTHER ORDERED** that only information related to the following subject matter may be disclosed by Verizon Wireless to the Respondents:

_____

_____

_____

_____

**SO ORDERED.**

Date: _____, 2019        _____
                                    United States District Judge